Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSE TORRES, individually and on behalf of all others similarly situated,

                                       Plaintiff,

-against-

EVEREADY BODY SHOP SUPPLIES INC., ANTHONY CUZZANITI and MICHELLE CUZZANITI, as individuals,

                                       Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiff, **JOSE TORRES, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

    **PRELIMINARY STATEMENT**

2. Plaintiff, **JOSE TORRES, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **EVEREADY BODY SHOP SUPPLIES INC., ANTHONY CUZZANITI and MICHELLE CUZZANITI, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at EVEREADY BODY SHOP SUPPLIES INC., located at 18 Roselle Street Mineola, New York 11501.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

1

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff, JOSE TORRES, residing at 2515 Grand Avenue Baldwin, New York 11510, was employed from in or around October 2018 until in or around January 2020 by Defendants at EVEREADY BODY SHOP SUPPLIES INC.

9. Defendant, EVEREADY BODY SHOP SUPPLIES INC. is a corporation organized under the laws of New York.

10. Defendant, EVEREADY BODY SHOP SUPPLIES INC. is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendant, EVEREADY BODY SHOP SUPPLIES INC. is a corporation organized under the laws of New York with a principal executive office at 18 Roselle Street Mineola, New York 11501.

12. Upon information and belief, Defendant ANTHONY CUZZANITI owns EVEREADY BODY SHOP SUPPLIES INC.

13. Upon information and belief, Defendant ANTHONY CUZZANITI is an agent of EVEREADY BODY SHOP SUPPLIES INC.

14. Upon information and belief, Defendant ANTHONY CUZZANITI has power over personnel decisions at EVEREADY BODY SHOP SUPPLIES INC.

15. Upon information and belief, Defendant ANTHONY CUZZANITI has power over payroll decisions at EVEREADY BODY SHOP SUPPLIES INC. and was responsible for paying Plaintiff.
16. Defendant ANTHONY CUZZANITI has the power to hire and fire employees, including the Plaintiff, at EVEREADY BODY SHOP SUPPLIES INC., establish and pay their wages, set their work schedule, and maintains their employment records.
17. During all relevant times herein, Defendant ANTHONY CUZZANITI was Plaintiff's employer within the meaning of the FLSA and NYLL.
18. Upon information and belief, Defendant MICHELLE CUZZANITI operates EVEREADY BODY SHOP SUPPLIES INC.
19. Upon information and belief, Defendant MICHELLE CUZZANITI is an agent and supervisor of EVEREADY BODY SHOP SUPPLIES INC.
20. Upon information and belief, Defendant MICHELLE CUZZANITI has power over personnel decisions at EVEREADY BODY SHOP SUPPLIES INC.
21. Upon information and belief, Defendant MICHELLE CUZZANITI has power over payroll decisions at EVEREADY BODY SHOP SUPPLIES INC.
22. Defendant MICHELLE CUZZANITI has the power to hire and fire employees, including the Plaintiff, at EVEREADY BODY SHOP SUPPLIES INC., establish and pay their wages, set their work schedule, and maintains their employment records.
23. During all relevant times herein, Defendant MICHELLE CUZZANITI was Plaintiff's employer within the meaning of the FLSA and NYLL.
24. On information and belief, EVEREADY BODY SHOP SUPPLIES INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

25. Plaintiff, JOSE TORRES, was employed from in or around October 2018 until in or around January 2020 by Defendants at EVEREADY BODY SHOP SUPPLIES INC.

26. During Plaintiff, JOSE TORRES'S employment by Defendants, Plaintiff's primary duties were as a warehouse worker, stocker, and cleaner, while performing other miscellaneous duties from in or around October 2018 until in or around January 2020.

27. Plaintiff, JOSE TORRES, was paid by Defendants approximately $700.00 per week from in or around October 2018 until in or around January 2020.

28. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or around October 2018 until in or around January 2020.

29. Although Plaintiff, JOSE TORRES, worked approximately fort-five (45) hours or more per week during his employment by Defendants from in or around October 2018 until in or around January 2020, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

30. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

31. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

32. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

34. Collective Class: All persons who are or have been employed by the Defendants as warehouse workers, stockers, and cleaners, or other similarly titled personnel with

substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

35. Upon information and belief, Defendants employed between 20 and 30 employees within the past three years subjected to similar payment structures.

36. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

37. Defendants' unlawful conduct has been widespread, repeated, and consistent.

38. Upon information and belief, Defendant had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

39. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

40. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

41. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

42. The claims of Plaintiff are typical of the claims of the putative class.

43. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

44. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

47. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

48. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

49. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

50. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

51. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

54. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
55. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
57. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
58. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
60. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
61. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 22nd day of July 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE TORRES, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

EVEREADY BODY SHOP SUPPLIES INC., ANTHONY CUZZANITI and MICHELLE CUZZANITI, as individuals,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**EVERREADY BODY SHOP SUPPLIES INC.
18 ROSELLE STREET
MINEOLA, NEW YORK 11501**

**ANTHONY CUZZANITI
18 ROSELLE STREET
MINEOLA, NEW YORK 11501**

**MICHELLE CUZZANITI
18 ROSELLE STREET
MINEOLA, NEW YORK 11501**