# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

March 15, 2021

**Via ECF**
The Honorable District Judge Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Torres, et al. v. Eveready Body Shop Supplies, Inc., et al.**
    **20-CV-3284 (JMA)(SIL)**

Dear Judge Azrack:

Our office represents Jose Torres ("Plaintiff") and we submit this motion jointly with counsel for Eveready Body Shop Supplies, Inc., Anthony Cuzzaniti, and Michelle Cuzzaniti (collectively, "the Defendants"), requesting the Court's approval of the parties' settlement agreement. The Settlement Agreement, attached hereto as **Exhibit 1**, was achieved through the parties' Court-annexed mediation held on February 11, 2021. The parties are in the process of obtaining their clients' signatures and will promptly file a fully executed copy of the Settlement Agreement.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiff's counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

## I.     The Monetary Terms of the Settlement Agreement are Fair and Reasonable

### a.  The Settlement Amount

The parties agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees, for the amount of $17,500.00 in one payment following Court approval of the Settlement Agreement.

### b. Plaintiffs' Position

Plaintiff is a former employee of Defendants who brought this action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiff alleged that he was employed by Defendants as a warehouse worker and stocker for approximately one year. Plaintiff further alleged that he was paid a flat weekly salary that did not properly compensate him for approximately five (5) hours of overtime worked each week.

Lastly, Plaintiff alleged that he was entitled to recovery under NYLL §195 for Defendants' failure to provide proper wage notices and wage statements. Plaintiff calculated approximately $9,000.00 in unpaid overtime wages, not including liquidated damages or statutory penalties.

Although Plaintiff was confident that he could succeed on all of his claims at trial, Plaintiff recognized the risks of continuing litigation. For one, Plaintiff considered the potential weight of the records provided by Defendants. Additionally, Plaintiff recognized the factual disputes as to the dates of his employment and his alleged number of hours worked each week. That these factual disputes would not have been resolved until the time of trial, at an uncertain date in the distant future, favored Plaintiff's decision to resolve his claims at mediation.

### c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $17,500.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement were achieved following the assistance of an experienced wage-and-hour neutral appointed by the Court. In fact, the final settlement number of $17,500.00 that the parties ultimately accepted to resolve this matter was the Mediator's proposed recommendation to the parties at the February 11, 2021 mediation. Furthermore, the settlement amount allows Plaintiff to recover an amount greater than his alleged unpaid overtime wages, even after attorneys' fees are deducted. As such, the settlement amount falls squarely within the possible range of recovery by Plaintiffs, accounting for the risks of continued litigation.

The parties had genuine, bona fide disputes over the number of hours worked by Plaintiff, the wages paid to Plaintiff and the dates of Plaintiff's employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement.

## II.    The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 2 of the Settlement Agreement ("Release") is narrowly-tailored to claims under the FLSA and NYLL. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

## III.    Distribution to the Plaintiff and Requested Attorneys' Fees and Expenses

### a.  Distribution to the Plaintiff

The parties agreed to a global settlement of $17,500.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiff will recover $11,032.00.

### b.  Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $952.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $400.00
- the costs of service of the Summons and Complaint on all Defendants in this matter: $252.00
- the cost of the Court-annexed mediation held on February 11, 2021: $300.00

Plaintiff's counsel respectfully requests one-third of the settlement less their identifiable expenses ($16,548.00), or $5,516.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $6,468.00.

**Settlement Amount:** $17,500.00
**Attorneys' Expenses:** $952.00
**Settlement less Expenses:** $16,548.00 ($17,500.00 - $952.00)
**Requested Attorneys' Fees:** $5,516.00 ($16,548.00 / 3)
**Total payable to Attorneys:** $6,468.00 ($5,516.00 + $952.00)
**Total payable to Plaintiffs:** $11,032.00 ($17,500.00 - $6,468.00)

Plaintiff's attorneys and their client have retainer agreements that are reduced to writing and are signed by the clients. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.,* 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation and the recovery secured through their efforts. Plaintiff's counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

IV.     **Closing**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of careful negotiation between experienced counsel with the assistance of an experienced and qualified neutral and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Settlement Agreement.

We thank the Court for its consideration and remain available to provide any additional information.


Respectfully submitted,


*James O'Donnell*
James O'Donnell, Esq.